IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL HOUSTON,** | : | **CIVIL NO. 1:10-CV-1964** |
| **Plaintiff** | : | |
| v. | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Carlson)** |
| **SUPERINTENDENT MICHAEL KLOPOTOSKI,** *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

## I. **Background**

Before the court is a report and recommendation by the magistrate judge to whom this matter is referred in which he recommends that the civil rights action filed by Plaintiff Daniel Houston pursuant to 42 U.S.C. § 1983 be dismissed. Houston has filed objections to the report and recommendation. Defendants have responded to the objections and Plaintiff has filed a reply. The matter is ripe for disposition.

Houston allegedly tore his right biceps while at work while incarcerated. He was seen by prison medical staff and was referred to an outside medical specialist who suggested an MRI examination for the injury. Dr. Stanish, the prison's regional medical director,[1] determined that an MRI would not be beneficial. It is this denial of an MRI that is the crux of this case.

The magistrate judge construed the complaint as a violation of the Eighth Amendment for a claim of deliberate indifference to a serious medical need.

---
[1] Dr. Stanish is not named as a defendant in the complaint.

The parties named in the complaint are Michael Klopotoski, Superintendent at SCI Dallas; Patricia Ginocchetti, former Corrections Health Care Administrator at SCI Dallas; Pennsylvania Department of Corrections; and Stanley Bohinski, D.O. All defendants filed motions to dismiss. The magistrate judge has recommended the motions be granted.

**II.        Discussion**

In examining the complaint, the magistrate judge found that the complaint failed to comply with the legal standard applicable in deciding a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The magistrate judge applied the rulings set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007 and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009) in arriving at his recommendation. Rather than recommending dismissal on the inadequate complaint, however, the magistrate judge addressed the complaint as if it meant to plead an Eighth Amendment violation.

As to the inadequate medical care claim, the magistrate judge found that the claim amounted to a dispute concerning the course of treatment and, at most, would amount to a negligence claim. The magistrate judge recommended the dismissal of Defendants Superintendent Michael Klopotoski and Patricia Ginocchetti on the basis that they were sued in their capacity as *respondeat superiors*. The magistrate judge further recommended that Plaintiff not be granted leave to file an amended complaint as it would be futile.

2

**III.    Conclusion**

The findings and recommendations of the magistrate judge are adequately supported by the case law set forth in the report and recommendation as applied to the facts of this case.  Accordingly, the court will adopt the report and recommendation.  An appropriate order will be issued.

                                                            s/Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge

Dated:  December 28, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL HOUSTON,** | **CIVIL NO. 1:10-CV-1964** |
| Plaintiff | |
| v. | **(Judge Rambo)** |
| **SUPERINTENDENT MICHAEL KLOPOTOSKI,** *et al.*, | **(Magistrate Judge Carlson)** |
| Defendants | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Carlson (doc. 31).

2) The motions to dismiss (docs. 7 and 10) are **GRANTED** as to all Defendants.

3) Plaintiff's motion for appointment of counsel is deemed moot.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

                                                             s/Sylvia H. Rambo
                                                             SYLVIA H. RAMBO
                                                             United States District Judge

Dated: December 28, 2010.